IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LIONEL W. ALEXANDER, #1267894,   )   |   |   |
|     Petitioner,   )   |   |   |
|   )   |   |   |
| v.   )   | 3:07-CV-0207-R   |   |
|   )   | ECF   |   |
| NATHANIEL QUARTERMAN, Director,   )   |   |   |
| Texas Department of Criminal Justice,   )   |   |   |
| Correctional Institutions Division,   )   |   |   |
|     Respondent.   )   |   |   |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

    Type Case: This is a *pro se* petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 by a state prisoner.

    Parties: Petitioner is presently confined within the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID). Respondent is the Director of TDCJ-CID. The Court did not issue process pending preliminary screening.

    Statement of the Case: Following his pleas of not guilty, a jury convicted Petitioner of attempted sexual assault in Cause Nos. F04-01414 and F04-01415. Thereafter, Petitioner entered pleas of true to the enhancement paragraphs and the trial court assessed punishment in each case at a term of life imprisonment. The Court of Appeals affirmed his convictions on January 4, 2006, and petitions for discretionary review were refused on May 3, 2006. (Petition

at p. 2-3).

Petitioner subsequently filed two prior federal habeas corpus petitions pursuant to 28 U.S.C. § 2254, challenging his convictions on the ground that his right to due process was violated by the state trial court's failure to include a lesser included offense of assault in its instructions to the jury. The Court summarily denied the petitions because they failed to raise a cognizable basis for federal habeas relief. *See Alexander v. Quarterman*, 3:06cv939-P, consolidated with 3:06cv940-P (N.D. Tex., June 29, 2006), findings and conclusions accepted (N.D. Tex., July 18, 2006). Petitioner did not appeal.

In the present petition for a writ of habeas corpus, Petitioner again seeks to challenge his convictions for attempted sexual assault. He now asserts a speedy trial violation under the Sixth and Fourteenth Amendments.

<u>Findings and Conclusions</u>: The Antiterrorism and Effective Death Penalty Act (the "AEDPA") provides that "[b]efore a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A) (West 2006).

In *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000), the Court held that § 2244(b)(3)(A) constitutes a bar to a district court's jurisdiction to consider a successive habeas petition unless the Fifth Circuit has granted the petitioner permission to file such a petition. Therefore, as an initial inquiry the Court must determine if the present petition constitutes a successive application under § 2244(b)(3)(A).

In general, "a later petition is successive when it: 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2)

2

otherwise constitutes an abuse of the writ." *Crone v. Cockrell*, 324 F.3d 833, 836-37 (5th Cir. 2003). Section 2244(b)(2)(B)(i) and (ii) provide an exception when "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and" under the facts no reasonable fact finder could have found him guilty of the offense charged.

The facts underlying Petitioner's speedy trial claim, relate to events that occurred before his jury trial, which long predated the filing of the first federal habeas petition in 2006. His claim was, thus, available when Petitioner filed his initial federal petition and could have been raised therein, but Petitioner failed to do so. "Under the abuse-of-the-writ doctrine, a subsequent petition is 'second or successive' when it raises a claim that was, or could have been, raised in an earlier petition." *Crone*, 324 F.3d at 837. That Petitioner's appellate counsel refused to raise the speedy trial claim on direct appeal (Memorandum in support attached to petition at 2) does not cause the claim to become unavailable such that it could not have been raised in the prior petition. Moreover although the speedy trial claim may have been unexhausted at the time Petitioner filed his initial federal habeas petitions (*see id.*), his failure to assert the claim in the initial petitions renders his later petition an abuse of the writ. *See Crone*, 324 F.3d at 838 (failure to bring jail time credit claim in initial federal petition, despite the fact that the claim was unexhausted and arose prior to prisoner filing his initial federal petition, rendered the second federal petition an abuse of the writ). Therefore, the Court concludes that the present petition for writ of habeas corpus is "successive" under the AEDPA.

In light of the successive nature of the present petition, this Court lacks jurisdiction to consider it unless the Fifth Circuit Court of Appeals first grants Petitioner leave to file the same. *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999); *United States v. Key*, 205 F.3d 773, 774 (5th

Cir. 2000). Therefore, this petition should be dismissed for want of jurisdiction. Such a dismissal, however, is without prejudice to Petitioner's right to file a motion for leave to file a second or successive § 2254 petition in the United States Court of Appeals for the Fifth Circuit pursuant to § 2244(b)(3)(A). *See In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (setting out the requirements for filing a motion for authorization to file a successive habeas petition in the Fifth Circuit Court of Appeals).

RECOMMENDATION:

For the foregoing reasons it is recommended that the petition for writ of habeas corpus be DISMISSED for want of jurisdiction, but without prejudice to Petitioner's right to file a motion for leave to file a second or successive § 2254 petition in the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A).

The Clerk will mail a copy of this recommendation to Petitioner.

Signed this 20th day of February, 2007.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.